**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

THERESA BOUIE et al.,

       Plaintiffs,

v.                                CASE NO.  4:10cv236-RH/WCS

DEPARTMENT OF BUSINESS
AND PROFESSIONAL REGULATION,

       Defendant.

_____/


## ORDER DENYING MOTION TO DISMISS


       This is an employment-discrimination case.  The plaintiff employees allege

that they suffered adverse treatment based on their race or nationality and in

retaliation for asserting or supporting claims of discrimination.  The defendant

employer has moved to dismiss.  I deny the motion.

### I

       The Supreme Court has set out the standards governing a motion to dismiss:

>        Federal Rule of Civil Procedure 8(a)(2) requires only "a short
> and plain statement of the claim showing that the pleader is entitled to
> relief."  Specific facts are not necessary; the statement need only
> "'give the defendant fair notice of what the . . . claim is and the
> grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550
> U.S. [544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007)] (quoting

> *Conley v. Gibson*, 355 U.S. 41, 47[, 78 S. Ct. 99, 2 L. Ed. 2d 80]
> (1957)). In addition, when ruling on a defendant's motion to dismiss,
> a judge must accept as true all of the factual allegations contained in
> the complaint. *Bell Atlantic Corp.*, *supra*, at [555] (citing
> *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1[, 122 S. Ct. 992,
> 152 L. Ed. 2d 1] (2002); *Neitzke v. Williams*, 490 U.S. 319, 327[, 109
> S. Ct. 1827, 104 L. Ed. 2d 338] (1989); *Scheuer v. Rhodes*, 416 U.S.
> 232, 236[, 94 S. Ct. 1683, 40 L. Ed. 2d 90] (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

The court must accept the complaint's allegations as true "even if [the allegations

are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must

a complaint allege with precision all the elements of a cause of action. *See

Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint

could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action

alone sufficient. A complaint must include more than "labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not

merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557. The

complaint must set forth facts—not mere labels or conclusions—that "render

plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff

pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (emphasis added). This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions.*

*Id.* at 1949-50 (emphasis added).

## II

Based on these principles, the plaintiff in an employment-discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination or retaliation, or (2) sufficient to show, or at least support an inference, that the plaintiff can make out a prima facie case under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and its progeny. *See, e.g.*, *Ansley v. Fla. Dep't of Revenue*, No. 4:09cv161-RH/WCS, 2009 WL 1973548 (N.D. Fla. July 8, 2009) (adopting this standard). Here the amended complaint is sufficient.

The plaintiff Theresa Bouie alleges, among other things, that she is African

American and was denied training opportunities that were provided to whites. She alleges that the training would have increased her chances for a promotion. She alleges that when she complained, she suffered retaliation, including an inaccurate evaluation, placement on a performance-improvement plan, and eventual termination.

The plaintiff Juan Achurra alleges, among other things, that he is Hispanic and was denied training opportunities that were provided to others. He alleges that if he had received the training, he would have been promoted. He alleges that instead, he was demoted, and that when he was listed as a witness in support of Ms. Bouie's discrimination claim, he suffered retaliation, including a negative evaluation and reassignment to a less desirable job.

One of course cannot know, based only on the amended complaint, whether these allegations are correct. And the amended complaint includes other allegations that bring to mind the Eleventh Circuit's frequent reminder that a federal court does not sit as a super-personnel board. But even after *Twombly* and *Iqbal*, a district court cannot properly resolve a factual dispute based only on a review of the complaint. Instead, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517

(1993).

III

For these reasons,

IT IS ORDERED:

The defendant's motion, ECF No. 10, to dismiss the first amended complaint is DENIED.

SO ORDERED on July 31, 2010.

s/Robert L. Hinkle        <br>United States District Judge